**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RONALD DALE BURSTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV30 SNLJ |
| | ) | |
| MICHAEL HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no.

513412), an inmate at Northeast Correctional Center, for leave to commence this

action without payment of the required filing fee [Doc. #5]. For the reasons stated

below, the Court finds that the plaintiff does not have sufficient funds to pay the

entire filing fee and will assess an initial partial filing fee of $1.00. See 28 U.S.C. §

1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss

plaintiff's claims against defendants in their official capacity and will order the Clerk

to issue process or cause process to be issued on the non-frivolous portions of the

complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma

pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has filed a document stating that he has attempted to obtain a certified copy of his prison account statement but that the officials have refused to provide him with one. When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). Based upon plaintiff's insistence that he currently is lacking in funds and is pursuing several cases in this Court at the same time, the Court will assess an initial partial filing fee of $1.00.[1]

---

[1]The Court notes that in an earlier case before this Court, plaintiff filed a certified copy of his prison account statement that showed an average monthly deposit of $143.33 and an average monthly balance of $104.08. See Burston v.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its

_____

Missouri Dept. of Corr., 1:11CV221 HEA (E.D. Mo.). In that case, the Court assessed an initial partial filing fee of $28.67 which plaintiff has paid.

judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Northeast Correctional Center, brings this action under 42 U.S.C. § 1983 against several current and former employees of the Missouri Department of Corrections and Correctional Medical Services/Corizon (hereinafter referred to as "CMS"). Named as defendants are: Michael Hakala (doctor); Lisa Barnes (Case Manager); Unknown Dunn (Case Manager); Ruth Taylor (Director of Medical); A. Riddell (Case Manager); and Unknown Brook (Mental Health Provider).

Plaintiff's allegations against defendants relate to violations of his constitutional rights which purportedly occurred during his incarceration at Southeast Correctional Center. Plaintiff asserts that from November of 2009 through July of 2010 defendant Hakala, a doctor employed by CMS was aware that plaintiff suffered from HIV but he acted with deliberate indifference to his serious medical needs, in

violation of the Eighth Amendment, when he refused to provide him treatment for his HIV for weeks on end causing him to suffer pain, weight loss and chronic skin conditions.

Plaintiff states that both he and his mother complained of the lack of medical care he was receiving to defendant Hakala, as well as to caseworkers Barnes, Dunn and Riddell, in addition to a mental health provider, Unknown Brook, but that these individuals failed to intervene in plaintiff's medical care and defendant Hakala retaliated against him for filing grievances by refusing to see him for scheduled appointments. Plaintiff claims that he also spoke directly to the Director of Medical, Ruth Taylor, about Dr. Hakala's failure to provide him with the proper medical treatment, but that defendant Taylor failed to intervene.

Plaintiff complains that at one point, in July of 2010, defendant Hakala placed him on a liquid diet and caused him to lose even more weight, which made him more susceptible to his disease. Plaintiff alleges that a guard tried to intervene on his behalf with defendant Hakala, telling the doctor that he needed to receive food during his incarceration in administrative segregation because his condition was deteriorating. Plaintiff names defendants in both their individual and official capacities, and he seeks both monetary and injunctive relief.

**Discussion**

Plaintiff's claims against defendants in their individual capacities for deliberate indifference to his serious medical needs states a claim for relief under 28 U.S.C. § 1915.

However, plaintiff's claims against the defendant CMS employees in their official capacities are subject to dismissal, as plaintiff has not made any allegations that a custom or policy of CMS was responsible for the alleged violations of plaintiff's constitutional rights. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Similarly, plaintiff's claims against the MDOC employees in their official capacities are subject to dismissal because naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id.

Last, plaintiff's motion for appointment of counsel will be denied at this time. There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer

for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Michael Hakala, Lisa Barnes, Unknown Dunn, Ruth Taylor, A. Riddell, and Unknown Brook. These defendants shall be served in accordance with the waiver agreements the Court maintains with the Missouri Attorney General's Office and with Correctional Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Michael Hakala, Lisa Barnes, Unknown Dunn, Ruth Taylor, A. Riddell, and Unknown Brook shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against the defendants because as to these claims the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of May, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE